**F I L E D**
**United States Court of Appeals**
**Tenth Circuit**

**JUL 10 2003**

**PATRICK FISHER**
**Clerk**

**UNITED STATES COURT OF APPEALS**

**TENTH CIRCUIT**

---

BEVERLY NAVES,

     Plaintiff-Appellant,

v.

VAUGHN CONWAY, an individual;
WILLIAM M. DANIEL, an individual;
CHRIS HARPER, an individual;
GENE MOWERY, an individual; DAN
MURDOCK, an individual; DREW
EDMONDSON, an individual; THE
OKLAHOMA BAR ASSOCIATION, a
private business enterprise operating in
Oklahoma ex rel. Gary C. Clark;
GARY C. CLARK,

     Defendants-Appellees.

No. 02-7117
(Eastern District of Oklahoma)
(D.C. No. 02-CV-421-S)

---

**ORDER AND JUDGMENT**[*]

---

Before **SEYMOUR**, **MURPHY**, and **O'BRIEN**, Circuit Judges.

---

[*]This order and judgment is not binding precedent, except under the doctrines of law of the case, res judicata and collateral estoppel. The court generally disfavors the citation of orders and judgments; nevertheless, an order and judgment may be cited under the terms and conditions of 10th Cir. R. 36.3.

After examining the briefs and appellate record, this panel has determined unanimously to grant the parties' request for a decision on the briefs without oral argument. *See* Fed. R. App. P. 34(f); 10th Cir. R. 34.1(G). The case is, therefore, ordered submitted without oral argument.

Acting *pro se*, Appellant Beverly Naves appeals the district court's orders granting dismissal of her complaint brought pursuant to 42 U.S.C. § 1983. Exercising jurisdiction under 28 U.S.C. § 1291, this court **affirms**.

Naves brought suit in the United States District Court for the Eastern District of Oklahoma against Defendants Vaughn Conway, William Daniel, Chris Harper, and Judge Gene Mowery for conspiring under color of law to deprive Naves of her constitutionally protected right of access to the courts. This action stemmed from a separate breach of contract suit initiated in the state of Oklahoma against Conway and Daniel, which was eventually dismissed by Judge Mowery. In her federal court complaint, Naves also alleged that Defendant Dan Murdock, general counsel for the Oklahoma Bar Association ("OBA"), "aid[ed] and abett[ed] the misconduct of Conway, Daniel, Harper, and Mowery." Furthermore, Naves contended that the Attorney General of Oklahoma, Drew Edmonson, acted to "rescue fellow sycophants of the 'OBA'" and that the OBA was a "known syndicate of organized crime" through which Defendants were "free to perpetrate their schemes of fraud and extortion."

In two separate orders, the district court granted Defendants' motions to dismiss pursuant to Rule 12(b)(6) of the Federal Rules of Civil Procedure. In the order granting the dismissal for Murdock, the OBA, and Gary C. Clark, the President of the OBA, the district court, in determining that the actions against these defendants appeared to be an alleged failure to take disciplinary action against Conway and Daniel, concluded that Naves lacked standing under *Doyle v. Oklahoma Bar Association*, 998 F.2d 1559, 1567 (10th Cir. 1993) (noting that plaintiff lacked standing under license-based disciplinary system because injury is to the lawyer involved not to the plaintiff). The district court also recognized that if Naves was seeking action against Murdock, the OBA, and Clark for claims other than the failure to undertake disciplinary action, her allegations were vague. Even so, the district court determined that Murdock, the OBA, and Clark were immune from liability under the Eleventh Amendment in connection with their statutory duties involving attorney discipline. *See Clulow v. Oklahoma*, 700 F.2d 1291, 1298 (10th Cir. 1983), *overruled on other grounds by Newcomb v. Ingle*, 827 F.2d 675 (10th Cir. 1987) and *Garcia v. Wilson*, 731 F.2d 640 (10th Cir. 1984); *see also, e.g., Mount Healthy City Sch. Dist. Bd. of Educ. v. Doyle*, 429 U.S. 274, 280 (1977).

In the district court's order granting dismissal for Conway, Daniel, Harper, Mowery, and Edmonson, the court concluded that Naves failed to allege that

Edmonson personally participated in the dismissal of her state court action. *See Bennett v. Passic*, 545 F.2d 1260, 1262-63 (10th Cir. 1976). Moreover, the district court determined that Edmonson was entitled to prosecutorial immunity for any failure to take action against the other defendants. *See Imbler v. Pachtman*, 424 U.S. 409, 431 (1976). The district court further concluded that Mowery was entitled to absolute judicial immunity. *See Stump v. Sparkman*, 435 U.S. 349, 356-57 (1978). Finally, the district court determined that Conway, Daniel, and Harper were private attorneys who were not acting "under color of state law" and that Naves failed to sufficiently allege that a conspiracy existed between the attorneys and Judge Mowery as a state actor.

On appeal, Naves asserts that the district court's orders are "facially void" because the district court judge violated the judicial code of conduct. Naves also contends that the district court "contravened United States Supreme Court authority in [its] conclusion that judges are entitled to immunity for proceeding according to a private prior agreement." Next, Naves argues that the district court is unfamiliar with the Federal Rules of Civil Procedure because the orders conform to a demurrer which have since been abolished by the Rules. She also argues that the district court failed to assume that her "well pleaded facts are true" and relied on statements of counsel, which are insufficient for a motion to dismiss. Finally, Naves alleges that the district court "simply lied like hell to fix

the complaint for the benefit of [its] business associates" and ignored her "un-rebutted affidavit."

This court reviews *de novo* the grant of a motion to dismiss under Rule 12(b)(6) with all well-pleaded factual allegations accepted as true and viewed in the light most favorable to Naves. *Sutton v. Utah State Sch. for the Deaf & Blind*, 173 F.3d 1226, 1236 (10th Cir. 1999). After review of the district court's orders, the parties' briefs, and the entire record on appeal, this court concludes that the district court did not commit reversible error. Therefore, this court **AFFIRMS** the district court's grant of Defendants' motions to dismiss for substantially the same reasons set out in the dismissal orders.

ENTERED FOR THE COURT

Michael R. Murphy
Circuit Judge